IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIDGETTE MARIE BLACKCROW,<br><br>Defendant. | CR 15-47-BMM<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Ms. Blackcrow of violating her conditions of supervised release by 1) failing to appear for substance abuse counseling, 2) using a controlled substance, 3) failing to report for random urinalysis testing, 4) failing to report for random urinalysis testing, 5) excessive use of alcohol, 6) failing to report for random urinalysis testing, 7) failing to appear for scheduled substance abuse counseling, 8) failing to appear for a scheduled appointment for her initial staffing for individual substance abuse counseling, 9) failing to report for random urinalysis testing, 10) failing to report for random urinalysis testing, 11) failing to truthfully answer all inquiries by her probation officer, and 12) using a controlled substance. She admitted to the violations. Ms. Blackcrow's supervised release

1

should be revoked. She should be sentenced to four months of custody, with no supervised release to follow.

## II. Status

On May 16, 2017, United States District Judge Brian Morris sentenced Ms. Blackcrow to time-served (approximately 171 days), with twelve months of supervised release, after Ms. Blackcrow pleaded guilty to Misdemeanor Assault. (Doc. 30). Due to underlying state charges, Ms. Blackcrow did not begin her current term of supervision until January 7, 2017.

On July 17, 2017, a Report on Offender Under Supervision was submitted to the Court, outlining Ms. Blackcrow's violations, including failing to report for random urinalysis testing and testing positive for methamphetamine and alcohol. (Doc. 33). Ms. Blackcrow was allowed to remain on supervised release provided she attend four self-help meetings weekly and enrolled in substance abuse counseling.

**Petition**

On August 24, 2017, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision alleging that Ms. Blackcrow violated the conditions of her supervised release in the following ways:

    1) On March 21, 2017, Ms. Blackcrow failed to appear for a

scheduled group substance abuse counseling meeting;

2) On March 21, 2017, Ms. Blackcrow submitted a ruing sample positive for methamphetamine;

3) On June 25, 2017, Ms. Blackcrow failed to report for random urinalysis testing;

4) On July 1, 2017, Ms. Blackcrow failed to report for random urinalysis testing;

5) On July 10, 2017, Ms. Blackcrow stated to her probation officer that she had consumed two liters of vodka with her cousin, and submitted a urine sample positive for alcohol use on July 11, 2017;

6) On July 15, 2017, Ms. Blackcrow failed to report for random urinalysis testing;

7) On July 19, 2017, Ms. Blackcrow failed to appear for a scheduled group substance abuse counseling meeting;

8) On July 20, 2017, Ms. Blackcrow failed to appear for a scheduled appointment for her initial staffing for individual substance abuse counseling;

9) On July 24, 2017, Ms. Blackcrow failed to report for random urinalysis testing;

10) On August 2, 2017, Ms. Blackcrow failed to report for random urinalysis testing;

11) On August 3, 2017, and August 8, 2017, Ms. Blackcrow's probation officer attempted to contact her at her residence, and leaving a card with instructions to contact him. On August 16, 2017, Ms. Blackcrow contacted the officer and stated she was in Hays, Montana, where she did not have permission to be, and had not made contact with her officer prior to traveling; and

12) On August 16, Ms. Blackcrow admitted to smoking marijuana. (Doc. 34). Judge Morris issued a warrant for her arrest based on the information in the Petition. (Doc. 35).

**Initial appearance**

On December 7, 2017, Ms. Blackcrow appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Hank Branom accompanied her at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Ms. Blackcrow said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Blackcrow admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of her supervised release.

Ms. Blackcrow's violation grade is Grade C, her criminal history category is IV, and her underlying offense is a misdemeanor. She could be incarcerated for up to twelve months. She could be ordered to remain on supervised release for twelve months, less any custody time imposed. The United States Sentencing Guidelines

call for six to twelve months in custody.

Mr. Branom recommended that when determining Ms. Blackcrow's sentence the Court consider that the underlying crime is a misdemeanor and that a minimum guideline sentence would be greater than her time served for her assault. Mr. Cobell recommended a sentence of a minimum guideline range on account of her absconding. Ms. Blackcrow addressed the Court and stated she was in an abusive relationship that caused her to abscond, but that she understands that fleeing was wrong.

### III. Analysis

Ms. Blackcrow's supervised release should be revoked because she admitted violating its conditions. Ms. Blackcrow should be sentenced to four months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Ms. Blackcrow was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the

allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Bridgette Marie Blackcrow violated her conditions of supervised release by 1) failing to appear for substance abuse counseling, 2) using a controlled substance, 3) failing to report for random urinalysis testing, 4) failing to report for random urinalysis testing, 5) excessive use of alcohol, 6) failing to report for random urinalysis testing, 7) failing to appear for scheduled substance abuse counseling, 8) failing to appear for a scheduled appointment for her initial staffing for individual substance abuse counseling, 9) failing to report for random urinalysis testing, 10) failing to report for random urinalysis testing, 11) failing to truthfully answer all inquiries by her probation officer, and 12) using a controlled substance.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Maria Rose Blackcrow's supervised release and sentencing her to four months in custody, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

    Dated the 11th day of December, 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge